## RAYMOND CONCRETE PILE CO. et al. v. WILLIS et al.

No. 22058. Opinion Filed May 19, 1931.

James C. Cheek and Albert L. McRill, for petitioners.

J. L. Gowdy, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the respondent, Hubert C. Willis, for temporary total disability for an accidental injury found to have been sustained while in the employ of the petitioner, Raymond Concrete Pile Company, on the 29th day of October, 1930.

The Commission found that, as a result of the injury, he was temporarily totally disabled from October 29, 1930, to the date of the award, which was made on January 2, 1931, and ordered payment to be made to the claimant below, Hubert C. Willis, for said time, at the rate of $13.34 per week, until otherwise ordered by the Commission, and petitioners to provide whatever medical treatment was necessary.

The Commission further found, at said time, that it was too early to determine permanent disability.

The petitioners presented a brief in which they concede the difficulties that confronted the Industrial Commission in arriving at a proper determination of the matter. It is stated in the argument that the claimant below, Willis, may have been struck in the head with an iron bar, but it was not of sufficient force or weight or violence to cause even a bump on his head. It is practically conceded that the Industrial Commission, with the evidence before it, should have given the benefit of the doubt to the claimant. In the brief, at page 7, we find the following:

"The respondent and insurance carrier desire to do what is fair, right, and equitable, and have endeavored to make such an adjustment as would be fair and just. Such a settlement is entirely agreeable and acceptable to the claimant and to his attorney, and to respondent and insurance carrier, and the amount agreed upon, subject only to the approval of the Industrial Commission.

"Consequently, as we see it, the proper thing to do in this case is for this court to reverse it and direct a new trial; upon such new trial, the question of the extent of disability and liability of the respondent and insurance carrier be determined in one proceeding.

"We ask the court to reverse the case on the question of liability upon the ground that there is no competent testimony to show that the cause of the disability, if any, suffered by the claimant, is the result of an accidental injury. If this court takes the view that the claimant may express his own opinion as to the cause of his disability, or if a medical examination and opinion expressed by the examiner to the effect that disability 'could have been caused' by the accident (based on subjective symptoms only) is sufficiently competent testimony to sustain the award, then the award would not be reversed. If, on the other hand, this court believes and expresses the opinion that there must be some definite, positive, expert proof that disability is result of accident sustained, then the court will reverse the case for the purpose of determining liability and extent of disability in one hearing."

We have read these proceedings a second time. The evidence before the Industrial Commission could not have justified any other conclusion than that the claimant was hit by an iron bar somewhere in the neighborhood of the upper portion of his body, probably about the shoulders or neck, and while he was employed in unloading a pile driver hammer, intended for use about the work the petitioner was engaged in at the time.

Besides this, the evidence was conclusive that other employees called the ambulance and took him to the hospital, and he was there attended by the doctors employed by petitioners, one of whom was Dr. Cunningham. While Dr. Cunningham could not find any evidence of bruises or fractures, yet apparently the man's condition was such that it baffled the experience of Dr. Cunningham to ascertain the cause. Other doctors were in about the same condition.

We think that the Industrial Commission Law, if it is read closely, will indicate to the petitioners in this case their course of procedure. Under it we would not be justified in setting aside this award. We will say, however, that if the claimant in this case is a malingerer, he is a better actor than most of the stars we have in the

90

country. Apparently, to prevent pretext and shamming, the Industrial Commission was vested with a continuing jurisdiction in every case, so from time to time a modification could be made with reference to any award or order it may have made, until final settlement. The applicable section in this case is section 7325, C. O. S. 1921, as amended by the act of the Ninth Legislature in 1923. Said section is as follows:

"Section 13. Section 7325, C. O S. 1921, is hereby amended to read as follows:

"Section 7325. The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if, in its judgment, the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly, and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from the same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

Besides this, under section 7296, C. O. S.

1921, the parties can apply to the Commission to modify the award that has already been made.

The award in this case is affirmed, and the Commission below is ordered to proceed with the matter, either by enforcing it or by modifying the same as right and justice may demand.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. LESTER, C. J., and SWINDALL and McNEILL, JJ., absent.